DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant Gerald Dwane Tucker, Jr. has appealed from his conviction and sentence in the Summit County Court of Common Pleas. This Court affirms.
 {¶ 2} An indictment was filed on July 12, 2005, charging Defendant with one count of robbery in violation of R.C.2911.02(A)(2), a second degree felony. Defendant waived reading of the indictment and entered a plea of "not guilty." A jury trial was commenced on September 26, 2005, and the jury returned a verdict of guilty on the same day.
 {¶ 3} After having conducted a sentencing hearing, the trial court, by journal entry dated October 28, 2005, sentenced Defendant to a non-mandatory term of two years at the Ohio Department of Rehabilitation and Corrections. Defendant was granted judicial release on January 11, 2006, less than three months after he was sentenced.
 {¶ 4} The trial court appointed appellate counsel, and on November 28, 2005, Defendant filed a notice of appeal. On March 8, 2006, Defendant's counsel filed an Anders[1] brief in this Court and requested permission to withdraw as Defendant's appellate counsel. Defendant was served with a copy of his counsel's brief to this Court, and this Court afforded Defendant the opportunity to raise arguments after review of the Anders
brief, which he did not do.
 {¶ 5} In accordance with Anders, supra, Defendant's counsel has asserted that he is unable to find any issue upon which to argue error below. We agree. In his brief, Defendant's counsel notes that the record demonstrates that (1) "the[re] was sufficient evidence to support [Defendant's] conviction of robbery," (2) [Defendant's] conviction of robbery was not contrary to the manifest weight of the evidence[,]" and (3) that "the sentence of two years was not contrary to the sentencing guideline under [R.C.] 2929."
 {¶ 6} Having allowed sufficient time for Defendant to respond, and no response having been received, we have accordingly conducted a full, independent examination of the record and found no error prejudicial to Defendant's rights in the proceedings in the trial court. See State v. Lowe (Apr. 8, 1998), 9th Dist. No. 97CA006758, at 4.
 {¶ 7} Consequently, we affirm the judgment of the Summit County Court of Common Pleas. Additionally, the motion of counsel for Defendant requesting to withdraw as counsel is hereby granted.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Boyle, J., concur.
[1] Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493.